COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| ROSEMARY RODRIGUEZ, | § | No. 08-21-00128-CV |
|---|---|---|
| Appellant, | § | Appeal from the |
| v. | § | 388th Judicial District Court |
| ABDELRAZZAK ALESKANDRANY, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2015DCM4440) |

## MEMORANDUM OPINION

Following a multi-day bench trial in a divorce proceeding between Appellant Rosemary Rodriguez and Appellee Abdelrazzak Aleskandrany, the trial court entered a final decree granting the divorce and dividing the marital estate. Rodriguez now appeals the court's division of the marital estate raising two issues. But because both issues require us to review a reporter's record to fulfill our standard of review, and because Rodriguez failed to provide for the filing of the reporter's record, we affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following nearly twenty years of marriage, Aleskandrany filed for divorce from Rodriguez in 2015. According to the judgment, the case was tried before the trial court on nine separate dates in 2021 and the court signed its final divorce decree on the ground of insupportability on

May 3, 2021. Included within the final decree, the court divided the marital estate awarding Rodriguez and Aleskandrany certain assets and liabilities. The final decree and the court's letter ruling contain the value of some, but not all, of the assets.

On August 10, 2021, after Rodriguez filed her notice of appeal, this Court received a letter from the trial court's official court reporter stating that there were "many hearings held by several different judges and court reporters" in the case. On October 1, 2021, we issued a letter to the parties stating that the court reporter had notified this Court that Rodriguez had not made financial arrangements for preparing the reporter's record, and that we would consider the appeal only on the clerk's record if no reporter's record was filed. Rodriguez has not responded to this letter. On October 19, 2021, we received another letter from a court reporter stating that Rodriguez had still not made satisfactory financial arrangements for preparing the reporter's record, and the next day we denied the court reporter's request for an extension of time to file the reporter's record. To date, no reporter's record has been filed.

Rodriguez and Aleskandrany subsequently filed appellate briefs. Aleskandrany separately moved to dismiss the appeal based on Rodriguez's acceptance of the benefits of the judgment. Rodriguez appeals the division of the community estate in two issues, arguing that: (1) the trial court lacked sufficient information to divide the estate; and (2) the division was manifestly unjust or unfair to Rodriguez. Because Rodriguez failed to ensure the filing of the reporter's record, we cannot address her appellate claims.

## II. ABSENT REPORTER'S RECORD

We review the question of whether a trial court erred in the division of the marital estate for an abuse of discretion. *De Vega v. Munoz*, 623 S.W.3d 565, 566 (Tex.App.--El Paso 2021, no pet.). The trial court has wide discretion in making a just and right division of the community

estate, and a reviewing court cannot correct the division unless a clear abuse of discretion is shown. *Id.* at 566-67; *see* TEX.FAM.CODE ANN. § 7.001 ("In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.").

Aleskandrany argues that the judgment cannot be reversed due to the absence of the reporter's record. Rodriguez does not respond to this argument. An appellant's burden requires her to present a record showing error requiring reversal, and when an appellant fails to bring forth a record, a presumption arises that the reporter's record would support the trial court's judgment. *Vega*, 623 S.W.3d at 567, *citing Interest of E.J.G.*, No. 04-18-00499-CV, 2019 WL 2439109, at *2 (Tex.App.--San Antonio June 12, 2019, no pet.) (mem. op.).

Rodriguez did not make arrangements to pay for preparing the reporter's record or to have the record properly filed. A reporter's record is necessary to determine whether the trial court abused its discretion in its division of the marital estate. *Vega*, 623 S.W.3d at 567; *Cruz v. Cruz*, No. 14-19-00016-CV, 2019 WL 2942630, at *4 (Tex.App.---Houston [14th dist.] July 9, 2019, no pet.) (mem. op.). Although Rodriguez argues that the trial court lacked sufficient information to divide the marital estate and did so in a manifestly unfair and unjust manner, she cannot establish that the court abused its discretion in doing so without a reporter's record demonstrating the purported errors. As such, we must presume that the trial court heard sufficient evidence to make all necessary findings in support of its division of the marital estate. *See Vega*, 623 S.W.3d at 567.

Rodriguez's Issues One and Two are overruled.

3

## III. CONCLUSION

We affirm the trial court's judgment. We deny Aleskandrany's motion to dismiss the appeal as moot.

JEFF ALLEY, Justice

August 17, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.

4